# WILLIAM D. CARVER
## *v.*
## J. RUSSELL JONES *et al.*

PERSONAL LIBERTY—*power of the President of the United States to cause the arrest of persons in time of war.* This case is identical with that of *Johnson* v. *Jones et al.,* 44 Ill. 142, and that case is referred to as decisive of this.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of trespass, brought in the court below, by William D. Carver against J. Russell Jones and Frederick L. Kent, for false imprisonment.

The declaration contains four counts. The first count charges, that defendants unlawfully seized and carried the plaintiff to the common jail of Stephenson county, and there forcibly and unlawfully imprisoned him for the space of three months. The second count charged, that the plaintiff was a practicing physician and surgeon, with a lucrative practice worth twenty dollars per day; that on the 27th day of August, A. D. 1862, the defendants, with force and arms, unlawfully took and carried the plaintiff to the common jail of Stephenson county, and there imprisoned him in the said common jail for three months then ensuing. The third count charges, that the defendants, at Stephenson county, with force and arms, beat, wounded, ill-treated and imprisoned the plaintiff for the space of ninety days. The fourth count charges, that the defendants unlawfully, and with force and arms beat, wounded, imprisoned and ill-treated the plaintiff at Stephenson county.

The principal question in the case arises upon the fourth plea filed by the defendant Jones, which is as follows:

" And for a further plea in this behalf, the said defendant says *actio non,* because he saith that at the time when, etc., to wit., on the 27th day of August, A. D. 1862, and for a long time before and afterward, and during all the time of the con-

tinuance of the said supposed trespasses above complained of against said defendant by said plaintiff, there was a great and formidable insurrection and rebellion against the government of the United States, and a large organized armed force engaged in levying war and carrying on open hostilities against the government and military forces of the United States. And for the purpose of resisting and quelling said insurrection and rebellion, the President of the United States, by virtue of his authority, did, in the month of July, A. D. 1862, call into the military service of the United States, three hundred thousand men as volunteers from the militia of the several States. And afterward, to wit, on the 4th day of August, A. D. 1862, the President of the United States, by virtue of his authority, issued a further call of three hundred thousand of the militia of the several States into the said military service of the United States, for the purpose aforesaid. And by reason of the magnitude of said insurrection and rebellion, the government of the United States, on the said 27th day of August, A. D. 1862, and for a long time before and afterward, and during all the time of the continuance of said supposed trespasses, was in great danger and peril; its authority was denied and subverted throughout a large portion of the territory and dominion of said government, and was in danger of being entirely subverted and destroyed.

" And at the said time, when, etc., to wit, on the said 27th day of August, A. D. 1862, and during all the time of the continuance of said supposed trespasses, said defendant was United States marshal in and for the northern district of the State of Illinois, which said district comprised and included within its limits, at and during all the time aforesaid, the said county of Stephenson.

" And on the 8th day of August, A. D. 1862, and while said insurrection and rebellion was in continuance, the secretary of war of the United States issued an order from the war department of the United States, in substance as follows, to wit:     .

" ' WAR DEPARTMENT, Friday, Aug. 8, 1862.

" ' ORDERED, *First,* That all United States marshals and superintendents or chiefs of police of any town, city or district, be and they are hereby authorized and directed to arrest and imprison any person or persons who may be engaged by act, speech or writing, in discouraging volunteer enlistments, or in any way giving aid and comfort to the enemy, or in any other disloyal practice against the United States.

" ' *Second,* That an immediate report be made to Major L. C. Turner, judge advocate, in order that such persons may be tried before a military commission.

" ' *Third,* The expenses of such arrest and imprisonment will be certified to the chief clerk of the war department for settlement and payment.

" ' EDWIN M. STANTON, *Secretary of War.*'

" And the said defendant avers, that afterward, on divers days and times between the said 8th day of August, A. D. 1862, and the said 27th day of August, A. D. 1862, at said county of Stephenson, the said plaintiff was engaged by his act and speech, in discouraging volunteer enlistments into the said military service of the United States, and in disloyal practices against the United States, in this : that the said plaintiff did, on the 16th day of August, A. D. 1862, and on divers other days and times between the times aforesaid, at said county, by his speech in the presence of divers good citizens of the State of Illinois and of the United States, denounce the government of the United States, and denounce the policy and management of the war for the suppression of the said rebellion, and then and there did say, in substance, that the North (meaning the government of the United States) was wrong in carrying on said war, and that the war tax ought not and should not be collected, and that he (said plaintiff) would not pay the war taxes of said government; and did then and there denounce the men who voted for said war tax to carry on the said government and suppress said rebellion ; and did then and there say, in substance, that the war for the suppression of said

rebellion was an 'abolition war' and ought not to succeed; and did then and there say, in substance, that he (said plaintiff) hoped that every man who went to war (meaning the military service of the United States for the suppression of said rebellion) that owed him (meaning said plaintiff) would be shot and killed; and did then and there by his act and speech otherwise discourage volunteer enlistments into said military service of the United States, and was then and there engaged in other disloyal practices against the United States.

"And thereupon the said defendant, having good, reasonable and probable cause therefor, in pursuance and by virtue of the said order of the secretary of war of the United States, and of the authority thereby vested in said defendant, to wit, on said 27th day of August, A. D. 1862, at said county of Stephenson, in said district, did cause the said plaintiff, without the use of any unnecessary force or violence, to be arrested and taken into custody, and detained in custody and imprisonment, in the county jail of said county of Stephenson.

"And afterward, to wit, on the 3d day of September, A. D. 1862, and immediately, within a reasonable time, after the said arrest of said plaintiff, said defendant made a report to the said Major L. C. Turner, judge advocate, as required by said order of the secretary of war of the United States, of the arrest and imprisonment of said plaintiff.

"And thereupon, on the 7th day of September, A. D. 1862, the said Major L. C. Turner, judge advocate, by the direction and authority of the President of the United States, issued an order from said war department to said defendant concerning said plaintiff (therein designating said plaintiff 'Dr. Carver'), thereby directing and ordering said defendant to detain said plaintiff in custody until further orders.

"Wherefore said defendant, in pursuance and by virtue of said order, and of the authority thereby vested in him, did cause said plaintiff to be held and kept in custody in the county jail of said Stephenson county.

"And afterward, to wit, on the 16th day of September, A. D. 1862, the said Major L. C. Turner, judge advocate, by the

22 — 45th Ill.

direction and authority of the President of the United States,
issued an order from the war department aforesaid, to said
defendant, thereby ordering and directing said defendant, if in
said defendant's discretion he (said defendant) thought right,
and for the good of the service (to wit, the military service of
the United States) to release and discharge said plaintiff from
his said arrest and imprisonment upon said plaintiff's entering
into bond (to the United States) commonly called a loyalty
bond ; and also thereby directing said defendant to exercise his
(said defendant's) sound discretion (in said matter of discharg-
ing said plaintiff).

"And thereupon the said defendant, to wit, on the 19th day
of September, A. D. 1862, at said county of Stephenson,
offered to release and discharge said plaintiff from his said cus-
tody and imprisonment (certain good and loyal citizens of said
county and State so recommending) upon said plaintiff's enter-
ing into a bond to the United States, with sureties, commonly
called a loyalty bond, as mentioned in said order, conditioned
that said plaintiff would abstain by act, speech or writing from
discouraging volunteer enlistments, and from in any way giving
aid and comfort to the enemy, and from every other disloyal
practice against the government of the United States.

"But the said plaintiff then and there refused to give such
bond, and remained in said custody and imprisonment, con-
tinuing such refusal, until, afterward, to wit, on the 31st day of
October, A. D. 1862, at said county of Stephenson, said plaint-
iff entered into such bond with sureties, and was, by direction
of said defendant, under the authority of said last mentioned
order from said war department, released and discharged from
said arrest and imprisonment.

"Which said arrest and imprisonment of said plaintiff are the
supposed trespasses whereof said plaintiff hath above com-
plained against said defendant. And this the said defendant
is ready to verify, wherefore he prays judgment, etc."

To this plea the plaintiff interposed a demurrer, which the
court overruled, and, the plaintiff abiding by his demurrer,

judgment was entered against him for costs. He thereupon sued out this writ of error, and now insists the demurrer to the fourth plea was improperly overruled.

Messrs. TURNER & NEFF, for the plaintiff in error, cited the case of *Johnson* v. *Jones et al.*, 44 Ill. 142, as decisive of this.

Mr. F. C. INGALLS, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case is, in all its important elements, identical with that of *Madison Y. Johnson* v. *J. Russell Jones et al.*, decided at the April Term, 1867 (44 Ill. 142), and we perceive nothing in the argument now submitted by the counsel of defendants to induce us to re-examine the decision in that case. With the results there reached we are satisfied.

The judgment of the Circuit Court overruling the demurrer to the defendants' fourth plea must be reversed and the cause remanded, with directions to that court that the said plea presents no sufficient defense to the plaintiff's action.

*Judgment reversed.*